DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Lucas County Court of Common Pleas, granting summary judgment to appellee Ohio Bureau of Workers' Compensation and an employer, appellee Seaway Food Town, Inc., on a claim for further benefits from
 {¶ 2} a 1985 work related injury by appellant, Gregory T. Howard. In the same entry, the court denied appellant's cross-motion for summary judgment and other pending motions.
 {¶ 3} On appeal, appellant asserts that the trial court's award of summary judgment to appellees was erroneous.
 {¶ 4} Appellant did not properly appeal the March 24, 1999 Bureau of Workers' Compensation order, finding that his claim benefit period had expired. Consequently, any claims that were or could have been raised in those proceedings are barred by the doctrine of res judicata, State ex rel. Crisp v. IndustrialComm. (1992), 64 Ohio St.3d 507, 508, including appellant's claims for "further allowance" from the 1985 injury against appellee Seaway Food Town, Inc. Moreover, as the trial court stated, because the employer was self insured and not in default of its payments, no liability inures to the Bureau of Workers' Compensation. Accordingly, appellant's sole assignment of error is not well taken.
 {¶ 5} Likewise, appellant's pending motions are found not well-taken and are, hereby, denied.
 {¶ 6} At oral argument, counsel for appellee Seaway Food Town, Inc. made an oral motion that appellant be declared a vexatious litigator. We do not find authority in our rules or the statutes to grant such a request. Remedy for a party who has suffered from persistent vexatious conduct at the hands of a litigant is addressed in R.C. 2323.52(B) which, in material part, provides:
 {¶ 7} "(B) A person, * * * who has defended against habitual and persistent vexatious conduct in * * * a court of appeals * * * may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person * * * may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred."
 {¶ 8} On consideration, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs are assessed to appellant, pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Singer, J. Concur.