**GEVEDON, Appellee,**

v.

**GEVEDON, Appellant.**

[Cite as *Gevedon v. Gevedon,* 167 Ohio App.3d 450, 2006-Ohio-3195.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2005–CA–82.

Decided June 23, 2006.

B. Randall Roach, for appellee.

Griff M. Nowicki, for appellant.

BROGAN, Judge.

{¶ 1} This case is before us on the appeal of Kenneth Gevedon from a trial court decision finding him in contempt of court for failing to appropriately respond to discovery requests after being ordered to do so by the court. The court also awarded attorney fees of $4,661.25 to Joel Gevedon, held that Kenneth was a vexatious litigator, and prohibited Kenneth from instituting any legal proceedings in a court of claims or in a common pleas court, municipal court, or county court in the state of Ohio without first obtaining leave of court to proceed.

{¶ 2} In support of his appeal, Kenneth claims, in a single assignment of error, "The trial court abused its discretion when it found Defendant–Appellant to be in contempt of court and to be a vexatious litigator." After reviewing the record, we hold that the trial court did err in finding Kenneth to be a vexatious litigator, because Joel Gevedon never made a claim for relief under R.C. 2323.52 (the vexatious-litigator statute). Accordingly, the judgment of the trial court will be affirmed in part, reversed in part, and remanded for further proceedings.

I

{¶ 3} This action began as a petition for a domestic violence civil protection order filed by Joel Gevedon against his brother, Kenneth. In the petition, Joel alleged that his brother had made false police reports against him, had paid people to lie on police reports, and had talked to others about having Joel killed. An ex parte civil protection order was granted on March 6, 2002, and a hearing was scheduled for March 15, 2002. That hearing was apparently held, but no transcript is in the file.

{¶ 4} More than a year later, on August 13, 2003, a consent agreement and domestic violence civil protection order was filed, restraining the brothers and their families from threatening and harassing each other and prohibiting them from being within 500 yards of each other. The mutual consent order had apparently been agreed to by the parties at the March 2002 hearing, but was never filed. When the consent order was finally filed in August 2003, it was also not made retroactive. As a result, another entry was filed on October 15, 2003, making the consent decree retroactively effective, per Civ.R. 60(A), as of March 15, 2002.

{¶ 5} In the October 15, 2003 entry, the magistrate additionally overruled a motion for contempt that Kenneth had filed against Joel on August 14, 2003. The magistrate found that Joel was not in contempt of the consent agreement because the evidence indicated that the parties were coincidentally at the same place at the same time. The magistrate also found that Joel Gevedon was not in contempt of the consent agreement by driving past Kenneth's businesses, because Kenneth was not there at the time and the businesses were on main thoroughfares where Joel would be expected to travel.

{¶ 6} Kenneth filed objections to the magistrate's decision, but failed to provide the trial court with a transcript of the hearing that the magistrate had held. Kenneth also failed to meaningfully supplement his objections. Consequently, on September 8, 2004, the trial court overruled the objections to the magistrate's decision because of Kenneth's failure to follow through with filing objections and a transcript. No appeal was taken from this decision.

{¶ 7} In the meantime, Joel had filed a motion for statutory relief and attorney fees against Kenneth, based on R.C. 2323.51. In the motion, Joel claimed that Kenneth's August 14, 2003 motion for contempt was a continuation of conduct that had been condemned in a prior civil action between the parties. The prior action involved a business relationship between the brothers that had soured. A magistrate in the prior case found, among other things, that Kenneth's conduct toward Joel was "characterized by ill will and a spirit of revenge." The magistrate in that case also commented about a breach-of-fiduciary claim that Joel had made against Kenneth. In criticizing Kenneth's conduct, the magistrate stated that it was "difficult to imagine a scenario in which a partner exercised less integrity and good faith with a partner." See *Gevedon v. Gevedon* (July 8, 2002), Greene C.P. No. 00–CV–0294.

{¶ 8} Joel's statutory claim under R.C. 2323.51 was originally set for hearing on November 11, 2003, but the matter was not actually resolved until June 2005. In the interim, the court granted numerous continuances and also dealt with a motion for change of venue and a petition for disqualification that Kenneth had filed. In both filings, Kenneth claimed bias on the part of Greene County Common Pleas Court judges and magistrates, and by the Greene County Prosecutor's Office, which had allegedly failed to proceed with criminal complaints that Kenneth had made against various individuals. The trial court overruled the motion for change of venue, and Kenneth did not appeal. The Ohio Supreme Court also denied Kenneth's affidavit to disqualify three Greene County Common Pleas judges and a magistrate from hearing any further proceedings involving Kenneth. The court refused to consider Kenneth's charges against two judges, because he did not have any cases pending before those judges. However, the Ohio Supreme Court rejected Kenneth's claims against the trial judge who presided over the present case, noting that "[d]isagreement or dissatisfaction with a judge's rulings of law is not grounds for disqualification."

{¶ 9} The trial court was also busy resolving discovery disputes during the interval between the filing of Joel's R.C. 2323.51 motion and the eventual decision on the motion. On July 21, 2004, Kenneth filed a motion to compel Joel to answer interrogatories. The court extended the time for answering until September 1, 2004, because Joel's counsel had sustained serious injury in an accident in July 2004. Joel's attorney then filed a motion on September 2, 2004, seeking to modify the court's discovery order, because the attorney could not locate the discovery requests and had not been able to reach Kenneth's attorney. The court granted this request and extended the deadline for about a month.

{¶ 10} Before the new deadline had passed, Joel filed a motion for a protective order, claiming that the requested discovery was oppressive and was intended for purposes of annoyance. In the motion, Joel's attorney pointed out that many

discovery requests were directed toward the prior case that had been litigated and toward individuals who were nonparties, including Joel's attorney himself. For example, Kenneth asked Joel's attorney to list all cases that he had litigated in Greene County Domestic Relations Court from 1995 to present. Joel's attorney was also asked to attach copies of all decisions and pertinent documentation for those cases. These matters were clearly irrelevant to the litigation at hand.

{¶ 11} Kenneth did not file a response to Joel's motion for a protective order. Subsequently, on October 12, 2004, the magistrate filed a decision finding that most of Kenneth's discovery requests and requests for admissions were objectionable. The magistrate allowed a few interrogatories and requests for admissions. In the decision, the magistrate stated:

{¶ 12} "All discovery requests in this case that are found to be admissible shall be answered specifically in a brief narrative form. Any evidence provided shall be strictly the evidence itself with no additional opinions or writings of either party on that evidence."

{¶ 13} The trial court immediately adopted this decision, and no objections were filed thereafter. Subsequently, on December 12, 2004, Kenneth filed another motion to compel and in the alternative, for contempt, because Joel had not yet answered the interrogatories. The court ordered that the answers be submitted within 14 days, and they apparently were, for Kenneth did not file any further motions relating to discovery.

{¶ 14} On March 9, 2005, the court set the matter for a final motion hearing on May 25 and 26, 2006. However, on May 19, 2005, Joel filed a motion to compel discovery and a petition for sanctions. In the motion, Joel claimed that Kenneth had failed to comply with the court order of October 12, 2004, which required the parties to answer discovery requests in brief narrative form. Joel indicated that he had sent Kenneth interrogatories that either were not answered or were answered incompletely or evasively. According to Joel, Kenneth had refused to provide any further response to these discovery requests. As a result, Joel asked the court to compel discovery and issue appropriate sanctions. Joel claimed that sanctions alone were not enough, due to the pending trial date. Instead, Joel asked the court to award judgment in his favor on the pending claim. Again, Kenneth failed to file a response to this motion.

{¶ 15} The parties apparently then appeared before the court, because a magistrate's decision filed on June 7, 2005, refers to a stipulation of the parties about the reasonableness of fees charged by Joel's attorney. Since no written stipulation is in the record, the stipulation must have taken place at a hearing. However, Kenneth did not file any transcripts of a hearing, nor has he attempted to provide a substitute record under App.R. 9(C) or (D).

{¶ 16} In the June 7, 2005 decision, the magistrate found Kenneth in contempt for failing to go back through interrogatories and provide answers in compliance with the October 12, 2004 court order. The magistrate further found that Kenneth's actions were willful and intentional and had delayed the case. Therefore, the magistrate recommended that default judgment be rendered against Kenneth. The magistrate also discussed Kenneth's actions in the present case as well as the prior case, which was characterized as having established a pattern for vexatious litigation that was carried forward. Among other things, the magistrate focused on the unfounded allegations that had been made against judges, opposing counsel, and the Greene County Sheriff's Department, and the lack of merit in various motions that Kenneth had filed. As we mentioned, Kenneth was ordered to pay attorney fees to Joel and was barred from instituting further legal actions without prior court approval.

{¶ 17} The trial court immediately adopted the magistrate's decision as the order of the court. On June 28, 2005, Kenneth filed a motion for an extension of time to file his objections to the magistrate's decision. In the motion, Kenneth claimed generally that the magistrate's ruling was against the sufficient weight of the evidence and contradicted the decision of other courts. These are the same generic, nonspecific objections that Kenneth had previously made to the decision rejecting his contempt motion.

{¶ 18} On June 30, 2005, the trial court denied the motion for extension, finding that the time for filing objections had already passed by the time the motion was filed. The court also stressed that Kenneth had a history of filing objections and requesting additional time without following through, which resulted in unnecessary delays. The court found no just reason for delay, and this appeal then followed.

{¶ 19} As we mentioned, Kenneth claims that the trial court abused its discretion by finding him in contempt and in holding that he is a vexatious litigator. However, Kenneth has waived error by failing to timely object to the magistrate's decision. *State ex rel. Booher v. Honda of Am. Mfg., Inc.* (2000), 88 Ohio St.3d 52, 53–54, 2000-Ohio-269, 723 N.E.2d 571. In this situation, our own district has previously said:

{¶ 20} "the bar that Civ.R. 53 imposes for error that has not been brought to the trial court's attention by way of timely objections is not jurisdictional: it applies to the party who takes the appeal, not to the court. Nevertheless, absent civil plain error, the appellate court should affirm a trial court's final judgment or order adopting a magistrate's decision when an alleged error in the judgment or order is predicated on a finding of fact or conclusion of law in the magistrate's decision. * * * *Civil plain error* is error which, though not objected to, seriously affects the basic fairness, integrity, or public reputation of the judicial process,

thereby challenging the legitimacy of the judicial process itself." (Citations omitted and emphasis sic.) *Hulcher v. Hulcher* (May 5, 2000), Montgomery App. No. 17956, 2000 WL 543315, *2.

{¶ 21} Due to Kenneth's failure to file timely objections, we may consider only plain error in the trial court's decision. Our review is further constrained by Kenneth's failure to file any transcripts and by his failure to provide either a statement of the evidence under App.R. 9(C) or an agreed statement of the case under App.R. 9(D). These failures prevent us from effectively reviewing the assignment of error for plain error regarding the contempt issue and award of attorney fees. See, *e.g., Flatinger v. Flatinger,* Franklin App. No. 03AP–663, 2004-Ohio-130, 2004 WL 63622, at ¶ 7 (appellant's omission of transcript leaves reviewing court with no option but to presume validity of lower court proceeding); and *Poole v. Becker Motor Sales, Inc.* (Feb. 2, 2001), Montgomery App. No. 18550, 2001 WL 88276, *2 (court's ability to review record for plain error is hampered by appellant's failure to order transcript of attorney-fee hearing or to provide alternate means of reviewing evidence). Some matters are apparent simply from the pleadings, but hearing transcripts or a statement of evidence would have shed light on the lower court's perception of Kenneth's conduct. Because such evidence is lacking, we must presume the validity of the judgment as to the contempt finding and the award of attorney fees.

{¶ 22} There is one area where we can evaluate plain error without resort to evidentiary matters. As we mentioned, the trial court held that Kenneth was a vexatious litigator and prohibited him, under R.C. 2323.52, from filing in various Ohio courts without prior approval. However, the lower court case was not brought as an action for vexatious litigation. By statute, a vexatious litigator is defend as follows:

{¶ 23} "[A]ny person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions." R.C. 2323.52(A)(3).

{¶ 24} The remedy for vexatious litigation is provided in R.C. 2323.52(B), which states:

{¶ 25} "A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas

with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person, office of the attorney general, prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred."

{¶ 26} In the present case, Joel Gevedon did not commence a civil action against Kenneth Gevedon under R.C. 2323.52(B). Instead, Joel filed a motion in a pending domestic violence case, specifically asking for statutory relief under R.C. 2323.51, which governs "frivolous conduct." R.C. 2323.51 is distinct from the vexatious-litigator statute and provides:

{¶ 27} "[A]t any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." R.C. 2323.51(B)(1).

{¶ 28} R.C. 2323.51 and R.C. 2323.52 offer "complementary" remedies, but the remedies are not the same. As the Tenth District Court of Appeals has noted, the two statutes share the same definition of reprehensible conduct. However, R.C. 2323.51 allows attorney fees for past frivolous conduct in a civil action, while R.C. 2323.52 provides a "protective remedy in the form of a restriction on future frivolous filings." *K.Z. Roo v. Sain,* Franklin App. No. 04AP–881, 2005-Ohio-2436, 2005 WL 1177940, at ¶ 15.

{¶ 29} The procedures outlined in the statutes are different, also. Relief under R.C. 2323.51 is obtained by filing a motion in a pending case, while the remedy in R.C. 2323.52 requires commencement of a civil action against the alleged vexatious litigator.

{¶ 30} Notably, Joel never asked the court for relief under R.C. 2323.52. Instead, his motion was specifically based on R.C. 2323.51. Accordingly, the trial court decision, insofar as it declares Kenneth a vexatious litigator under R.C. 2323.52, is plain error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the judicial process itself." *Hulcher,* Montgomery App. No. 17956, 2000 WL 543315, at *2.

{¶ 31} We do note that in filing for a protective order, Joel's attorney mentioned the subject of vexatious litigation. However, he did not refer to R.C. 2323.52. Even if he had mentioned this statute, the issue would not have been

adequately raised in a motion for protective order. As we noted, the requirements in R.C. 2323.52 are quite particular, and relief must be requested in the manner outlined in the statute. In *State ex rel. Naples v. Vance,* Mahoning App. No. 02–CA–181, 2003-Ohio-4738, 2003 WL 22071486, the Seventh District Court of Appeals held that an individual defending against a mandamus action did not properly raise the vexatious-litigator statute. Specifically, the respondent included the matter as an affirmative defense and did not commence a civil action. Id. at ¶ 17. Likewise, in *Howard v. Indus. Comm.,* Lucas App. No. L–04–1037, 2004-Ohio-5672, 2004 WL 2384444, the Sixth District Court of Appeals rejected an attempt to have an appellant declared a vexatious litigator. The Sixth District noted that the motion was made at oral argument, but the remedy under R.C. 2323.52 is to commence a civil action. Id. at ¶ 6.

{¶ 32} Our decision does not mean that Kenneth could not be classified as a vexatious litigator. That issue is not before us, and we express no opinion on the matter. We simply hold that the trial court committed plain error in relying on R.C. 2323.52, as there was never a request for relief under that statute.

{¶ 33} Based on the preceding discussion, the single assignment of error is sustained in part and is overruled in part. Accordingly, the judgment of the trial court is reversed insofar as it relates to Kenneth's status as a vexatious litigator, and this matter is remanded for further proceedings. In all other respects, the judgment of the trial court is affirmed.

Judgment affirmed in part  
and reversed in part,  
and cause remanded.

GRADY, P.J., and DONOVAN, J., concur.