OPINION *Page 2 
{¶ 1} This appeal arises from a civil action filed in the Mahoning County Court of Common Pleas. Appellee, Fyda Freightliner Youngstown, Inc. ("Fyda"), filed a complaint seeking compensation for repairs made to a truck owned by Alliance Trucking LLC ("Alliance"). Fyda named Alliance and Ali Manav ("Manav"), agent or owner of Alliance, as defendants. Following discovery, Appellee was granted partial summary judgment. Appellee then requested a hearing relative to the remaining punitive damages and attorney's fees claims. Following the hearing, the trial court awarded Appellee attorney's fees and interest. The trial court subsequently issued an entry encompassing both its summary judgment decision and the attorney fee award.
 {¶ 2} No further action was taken until almost two years later, when Appellants filed a motion to vacate, asking the trial court to determine that summary judgment was not rendered against Manav personally. The matter was referred to a magistrate, who essentially found that Appellants had failed to timely address any potential trial court errors, and as such, had waived the ability to now contest the earlier trial court orders.
 {¶ 3} Appellants did not file an objection to the magistrate's decision. Instead, Appellants filed an appeal from the October 11, 2006, Judgment Entry of the trial court adopting the magistrate's March 13, 2006, decision. Their appeal is actually based on the trial court's underlying two-year old decision to grant Appellee's *Page 3 
motion for summary judgment. Appellants' arguments lack merit since they failed to timely address the trial court's final appealable order and the record shows that they are not entitled to their motion to vacate in this matter. Accordingly, Appellants' assignments of error are overruled, and the trial court's decisions are affirmed.
 FACTS AND PROCEDURAL HISTORY {¶ 4} On or about December 26, 2000, an Alliance agent delivered a 1999 Freightliner truck to Appellee's business for repairs. Alliance's agent executed a written agreement authorizing Appellee to make the necessary repairs to the truck. Appellee repaired the truck and billed Alliance $3,607.04. Alliance had been under the impression that the repairs would be covered by the truck's manufacturer's warranty. The repairs were not covered, and Alliance refused to pay Appellee. Thus, Appellee refused to release the vehicle. In order to regain possession of the truck, Manav presented a check for payment in full to Appellee on January 4, 2001. Appellee released the truck, but Manav subsequently placed a stop order on the check before it was cashed by Appellee.
 {¶ 5} On June 21, 2001, Fyda filed its complaint in the Mahoning County Court of Common Pleas, naming as defendants Alliance and Manav, seeking compensation for repairs it made to the truck. Counts one through three raised allegations against Alliance. Count one asserted a claim against Alliance for breach of a written contract, count two alleged a claim for breach of an oral contract, and count three asserted a claim for unjust enrichment. In count four Appellee alleged that Manav fraudulently induced it to release the truck and garage man's lien by the *Page 4 
presentment of a check for payment in full. Count five sought attorney's fees and punitive damages based on Manav's intentionally fraudulent conduct. Count six then alleged that both Appellants breached their duty of good faith and fair dealing by engaging in commercially unreasonable conduct.
 {¶ 6} Appellants filed a collective answer and Alliance filed a third-party complaint against the manufacturer of the truck, Freightliner, LLC, and the seller of the truck, Premier Truck Sales Inc.
 {¶ 7} On September 23, 2002, Appellee filed a partial motion for summary judgment asking for judgment against Alliance and Manav relative to counts one and two of the complaint, breach of written and oral contract. Manav, however, was not named in counts one and two. Nonetheless, Appellants did not respond to Appellee's motion for summary judgment, and the trial court granted it on November 14, 2002. The court's entry stated in part, "Plaintiffs [sic] are entitled to Judgment as a matter of law; and the evidence demonstrated that reasonable minds can come to but one conclusion, and that conclusion is adverse to the Defendant. * * *" (Nov. 14, 2002, Judgment Entry.) The entry fails to specifically name either defendant. Appellants did not object or take issue with the trial court's decision granting Appellee summary judgment.
 {¶ 8} Soon after this, Alliance voluntarily dismissed its claims against Freightliner LLC and Premier Truck Sales, Inc., without prejudice. (Dec. 2, 2002, Notice of Dismissal.) Appellants and Appellee were then the only remaining parties to the suit. *Page 5 
 {¶ 9} On January 14, 2003, Appellee filed a motion asking for a hearing on its pending claims seeking punitive damages and attorney's fees from Appellants. Appellants' counsel attended and participated in the hearing with no objections. Following the hearing, the trial court found that Appellee established by clear and convincing evidence that Manav acted with intent to deceive, and granted Appellee's request for punitive damages and attorney's fees. (March 21, 2003, Judgment Entry.)
 {¶ 10} Since the March entry did not specify the amount of fees awarded, the trial court approved payment of attorney's fees in the amount of $5,165 in an entry dated May 29, 2003. On August 26, 2003, in an apparent attempt to clear up any outstanding matters, the trial court issued a nunc pro tunc entry awarding Appellee damages for breach of contract in the amount of $3,607.04 plus interest and again awarding attorney's fees in the amount of $5,165.
 {¶ 11} Almost two years later, Appellants filed a motion to vacate or modify the court's prior orders. Appellants asked the trial court to correct or vacate and stay its prior orders against Manav. (Aug. 4, 2005, Motion to Vacate or Modify Prior Orders; Motion for Stay.) Appellee filed a response, and the trial court referred the matter to a magistrate.
 {¶ 12} In a lengthy decision, the magistrate reviewed the "tortured" procedural nature of this case as well as the parties' arguments and relevant law. The magistrate concluded that although Appellants' claims may have had merit at one time, their actions in this matter, including their utter failure to respond to Appellee's *Page 6 
motion for summary judgment; Appellants' counsel's presence at and lack of objection to the punitive damages hearing; and the almost two-year delay in filing its motion without justification, made the Civ.R 60(B)(1), (3), and (5) requests untimely. (March 13, 2006, Magistrate's Decision.)
 {¶ 13} The magistrate also addressed Appellants' claim that it was unable to appeal the trial court's prior entries since none of the entries constituted final, appealable orders. The magistrate determined that when the trial court issued its May 29, 2003, Judgment Entry awarding Appellee attorney's fees and expenses, all of Appellee's claims against Appellants were resolved. At that point, Appellants should have known that either a timely Civ.R. 60(B) motion or notice of appeal was necessary. Appellants pursued neither. Accordingly, and consistent with the principle of finality in judgment, the magistrate denied Appellants' motions. (March 13, 2006, Magistrate's Decision.)
 {¶ 14} In the magistrate's decision the parties were advised that they had 14 days to file written objections to the decision pursuant to the prior version of Civ.R. 53(E)(3) in effect at the time. Otherwise, on adoption by the trial court, the parties would be precluded from taking issue with the magistrate's findings of fact or conclusions of law on appeal. (March 13, 2006, Magistrate's Decision.)
 {¶ 15} Appellants never filed objections to the magistrate's decision, nor did they request the trial court to the set the decision aside. The trial court, finding no error of law on the face of the decision, adopted the magistrate's decision. (Oct. 11, 2006, Judgment Entry.) *Page 7 
 {¶ 16} Appellants did timely appeal the October 11, 2006, decision. They raise three assignments of error on appeal. They argue that Appellee's motion for summary judgment and, thus, the trial court's decision to grant it, did not apply to the claims against Manav; that judgment was entered against Manav in violation of his right to a jury trial; and that the judgment was against the manifest weight of the evidence. Based on the record before us, however, Appellants failed to timely raise objections to the trial court on this basis when provided an opportunity; failed to file an appeal from the trial court's initial final appealable order; and failed to raise objections to the magistrate's decision on the motion to vacate. Thus, notwithstanding the possibility that there may have been some error in the trial court's earlier decision in this matter, we have no choice but to affirm the court's decision based on Appellants' repeated failures to timely address these issues.
 {¶ 17} Appellants' assignments of error will be addressed collectively herein:
 {¶ 18} "The trial court erred as a matter of law in granting judgment against Defendant, Ali Manav, based upon a summary motion against a co-defendant.
 {¶ 19} "The trial court erred in entering a judgment against Defendant, Ali Manav, without a trial, even though there was a jury demand.
 {¶ 20} "The judgment was against the manifest weight of the evidence."
 {¶ 21} Initially we note that Appellants' arguments completely ignore the magistrate's decision that was adopted by the trial court. Instead, they focus on the alleged underlying errors made over two years earlier by the trial court. These alleged errors formed the basis of Appellants' request that the trial court vacate or *Page 8 
modify its prior decisions, and absent objections to the magistrate's decision denying their motion, we are generally precluded from addressing the merits of Appellants' claimed errors. Civ.R. 53(E)(3);Gevedon v. Gevedon, 167 Ohio App.3d 450, 455-456, 2006-Ohio-3195, 855 N.E.2d 548, at ¶ 19. For this reason alone, we can affirm the trial court's decision. However, the matter is still reviewable for plain error.
 {¶ 22} Appellants argue that they were unable to address the trial court's alleged errors from approximately two years earlier since the court never issued a final appealable order in this matter. We disagree, based on the record before us.
 {¶ 23} To constitute a final order, an order must satisfy one of the categories in R.C. 2505.02(B). R.C. 2505.02(B)(1) applies to the instant matter and defines a final order as: "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"
 {¶ 24} A review of the record in this case reveals that the trial court granted Appellee partial summary judgment on November 14, 2002. This is the entry forming the actual basis of Appellants' appeal. Summary judgment was sought against both Appellants, even though Manav was not named in counts 1 and 2 of the complaint, and these counts formed the basis of the summary judgment motion. Appellants did not oppose Appellee's motion for summary judgment in any way, and the trial court's decision did not specify whether summary judgment was granted against both Appellants or only against Alliance. Subsequently, Appellants never filed any motion with the trial court challenging or raising to the attention of the trial court any potential errors in its November 14, 2002, decision. *Page 9 
 {¶ 25} On February 25, 2003, the trial court conducted a hearing pursuant to Appellee's request to assess whether it was entitled to attorney's fees and punitive damages against Appellants. Again, Appellants did not respond to the motion seeking this hearing. Appellants' counsel did attend the hearing without lodging an objection as to the nature of the proceeding. Appellants' counsel participated in the hearing by cross-examining Appellee's witness and making certain legal arguments. Appellants' counsel did not introduce any evidence on behalf of either Appellant. (Feb. 25, 2003, Tr.) The court held that Appellee had met its burden and established that it was entitled to punitive damages and attorney's fees against both Appellants. (March 21, 2003, Judgment Entry.) Appellants did not file a motion for reconsideration from this entry and did not seek any other interlocutory relief.
 {¶ 26} On April 17, 2003, Appellee's counsel submitted his application for attorney's fees and expenses. Once again, Appellants did not respond. The request was granted on May 21, 2003 in an entry which awarded a specific amount of damages. Appellants took no action following this entry.
 {¶ 27} On August 18, 2003, Appellee filed a motion for a nunc pro tunc entry setting forth the trial court's decisions in a single entry. Appellants again did not respond, and the trial court granted Appellee's request. The entry states:
 {¶ 28} "Judgment is hereby entered in favor of Plaintiff and against Defendants, Alliance Trucking LLC and Ali Manav, in the amount of $3,607.04 together with interest accruing at the rate of 2% per month (24% per year) as of February 4, 2001. The court also hereby awards Plaintiff attorney's fees against [t]he *Page 10 
aforesaid Defendants in the amount of $5,165.00 together with interest accruing at the rate of 10% per annum as of May 21, 2003." (Aug. 26, 2003, Judgment Entry.)
 {¶ 29} Despite Appellants' claims to the contrary, and while it is arguable that the court's May entry may have constituted a final order as the magistrate decided, it is very clear that the trial court's August 26, 2003, Judgment Entry was a final appealable order under R.C.2505.02(B)(1). This entry lacked any Civ.R. 54(B) language indicating that there was "no just reason for delay," because there was no need: it clearly entered judgment against both defendants and clearly resolved all pending claims. In the entry, the court awarded Appellee damages for the underlying breach of contract claim against both Appellants and it also awarded attorney's fees against both Appellants. Thus, once it was issued, without question Appellants were prevented from having judgment rendered in their favor and had thirty days to appeal the trial court's decision. R.C. 2505.07. They did not file an appeal.
 {¶ 30} Instead, almost two years later, Appellants sought to vacate or modify any and all orders imposing judgment upon Manav individually. (Aug. 4, 2005, Motion to Vacate or Modify Prior Orders; Motion for Stay.) Appellants first argued that the trial court's decision granting Appellee summary judgment and compensatory damages against Alliance and Manav was a clerical mistake that could be resolved at any time following judgment pursuant to Civ.R. 60(A).
 {¶ 31} Civ.R. 60(A) states in part that, "[clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may *Page 11 
be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."
 {¶ 32} However, as the magistrate noted at hearing on Appellants' motion, Appellee specifically sought summary judgment against both Appellants with respect to counts one and two of its complaint, even though Manav was not named in these counts. Appellants could have responded and brought this arguable error to the trial court's attention. They did not. Instead, the trial court considered Appellee's motion for summary judgment operating under the apparent assumption that Alliance and Manav were both named in counts one and two. Thus, the trial court's interlocutory decision could not be the result of a mere clerical error and Civ.R. 60(A) relief was not warranted.
 {¶ 33} Appellants also requested Civ.R. 60(B) relief, which states in part,
 {¶ 34} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation." *Page 12 
 {¶ 35} Initially we must note that Appellants insist no final, appealable order was ever filed in this matter. The very fact that Appellants sought Civ.R. 60(B) relief refutes Appellants' position, here. The filing of a motion to vacate, in and of itself reflects that Appellants were fully aware that a final judgment had been rendered against them.
 {¶ 36} Even if Appellants believed no final order was filed, a review of the record reveals that Appellants had several opportunities to raise their alleged errors and repeatedly failed to raise the trial court's potential errors to the court, itself. Although the trial court may have erred in granting summary judgment against Manav personally on counts one and two of Appellee's complaint, Appellants did not respond to the summary judgment motion. Appellants never filed a motion for reconsideration arising from this interlocutory order. Appellants' counsel attended, participated in and did not object to the request for punitive damages at the hearing held on the matter following the summary judgment decision. Appellants failed to appeal or in any other manner contest the trial court's August 26, 2003, Judgment Entry setting forth the parties' liability and damage awards. These alleged problems could and should have been timely raised to the trial court, and there were several missed opportunities on the part of Appellants to do so. Thus, Appellants' repeated failures to address the trial court's potential errors at the trial court level do not warrant Civ.R. 60(B) relief.
 {¶ 37} Further, Appellants' almost two-year delay in filing its motion to vacate or modify the trial court's prior decisions itself merits dismissal of the motion. The *Page 13 
motion was not filed within one year after the judgment nor was it made within a reasonable time, considering all of Appellants' earlier missed opportunities. As such, Civ.R. 60(B) relief was not warranted.
 {¶ 38} Finally, the fact that Appellants made a jury demand in this case does not impact the outcome in this matter. Appellants' actual alleged error lies within the summary judgment determination. The presence or absence of a jury demand is of no consequence in a summary judgment decision. Civ.R. 56.
 {¶ 39} In conclusion, we hold that Appellants' assignments of error lack merit. Appellants waived all but plain error by failing to object to the magistrate's decision, and they were plainly not entitled to Civ.R. 60(A) or (B) relief. Thus, we hereby affirm the trial court's decision in full.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1