OPINION
{¶ 1} Ronnie Smith, Sr. appeals from the judgment of the Vandalia Municipal Court finding him in violation of R.C. 4511.12, failure to obey a traffic control device.
 {¶ 2} The record indicates that Smith was issued a traffic citation on February 24, 2007 for turning right on red at a stoplight where a traffic sign expressly prohibited *Page 2 
such turn. At the time, Smith was traveling westbound on the Interstate 70 ramp to Hoke Road in Englewood, Montgomery County, Ohio.
 {¶ 3} Smith entered a plea of not guilty on March 5, 2007. Thereafter, the matter proceeded to trial before a magistrate. At the conclusion of the trial, Smith was found guilty of the charged offense, and he was fined $150.00, all of which was suspended, and $85.00 in court costs.
 {¶ 4} Smith has filed a timely notice of appeal from this conviction and sentence, and he assigns the following errors for our review:
 {¶ 5} "1. Whether substantial evidence supports the Vandalia Courts [sic] Claim [sic] that Ronnie Smith, Sr. committed a traffic violation.
 {¶ 6} "2. Whether the damage award of 2 points against Ronnie Smith's driving record is excessive."
 {¶ 7} Smith's argument on appeal is that the damage award of two points against his driving record is improper and excessive because he did not turn right on red. According to Smith, the light was green when he turned onto Hoke Road.
 {¶ 8} In response, the Appellee points out that Smith has failed to provide a transcript of the proceedings below, pursuant to App. R. 9(B); a statement of the evidence under App. R. 9(C); or an agreed statement of the case under App. R. 9(D).
 {¶ 9} It is the duty of the appellant to order from the court reporter a transcript of the proceedings or part thereof that the appellant considers necessary for inclusion in the record, and to file a copy of the order with the clerk. App. R. 9(B). Here, Smith failed to comply with that duty. Notice of the lack of transcript was given to Smith per the Rule 11(B) Notification, filed on August 8, 2007. Consequently, a transcript of the *Page 3 
proceedings in the Vandalia Municipal Court is not part of the record before us. Likewise, Smith has failed to comply with either App. R. 9(C) or App. R. 9(D), which provide alternatives to the transcript requirement. These failures prevent us from effectively reviewing the appellant's assignments of error regarding evidentiary issues concerning the charged offense. See Gevedon v. Gevedon (2006), 167 Ohio App.3d 450,2006-Ohio-3195, 855 N.E.2d 548, at ¶ 21. Moreover, because the record before us is insufficient to allow us to examine the asserted errors, we must presume the regularity of the proceedings in the trial court. SeeIn re J.W., Greene App. No. 2006 CA 115, 2007-Ohio-2598, at ¶ 7.
 {¶ 10} Accordingly, Smith's assignments of error are overruled. The judgment of the Vandalia Municipal Court is affirmed.
FAIN, J., and WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
Copies mailed to:
Joe Cloud
Ronnie Smith, Sr.
 Hon. Cynthia M. Heck *Page 1