OPINION
{¶ 1} Ronald Calloway appeals from a judgment of the Dayton Municipal Court, which granted restitution of his residence to his landlord, Dayton Metropolitan Housing Authority ("DMHA"). For the following reasons, the judgment will be AFFIRMED.
 {¶ 2} In April 2007, DMHA brought an action against Calloway for forcible entry and *Page 2 
detainer, unpaid rent, and unreasonable wear and tear. After a trial, the magistrate awarded restitution of the premises to DMHA. The trial court adopted the magistrate's decision.
 {¶ 3} On May 11, 2007, Calloway filed a motion to vacate the judgment, arguing that the grievance procedures set forth in the lease agreement had not been completed prior to the filing of the complaint. Calloway also filed a counterclaim, alleging that DMHA's failure to provide due process prior to filing the complaint constituted ongoing harassment. The judgment entry was vacated on June 26, 2007.
 {¶ 4} On July 6, 2007. DMHA's claim for restitution was again tried to the court. The magistrate found that DMHA was the landlord of the premises, that all statutory and regulatory notices were served, that Calloway had breached the agreement by failing to pay rent, and that DMHA was entitled to restitution. No objections to the magistrate's decision were filed, and the trial court adopted the decision.
 {¶ 5} Calloway appeals from the order of restitution. Although Calloway has not specified any assignments of error, he argues that the eviction action was filed in retaliation for his complaints about repeated unauthorized entries into his apartment. Calloway further asserts that DMHA representatives misrepresented the amount of rent due. DMHA responds that Calloway has waived all but plain error by failing to file objections to the magistrate's ruling and that there are no obvious errors. DMHA also represents that Calloway has vacated the apartment, and the residence has been re-let.
 {¶ 6} As asserted by DMHA, the Ohio Rules of Civil Procedure require a party to file written objections to the magistrate's decision. Civ. R. 53(E)(3)(b). When a party fails to file objections, the party may not assign as error on appeal the court's adoption of the magistrate's *Page 3 
decision. Id. Because Calloway failed to obj ect to the magistrate's decision granting restitution, Calloway has waived all but plain error in the trial court's restitution order. See Gevedon v. Gevedon,167 Ohio App.3d 450, 455-456, 2006-Ohio-3195, 855 N.E.2d 548, at ¶ 19. Upon review of the record, we find no plain error in this case.
 {¶ 7} The judgment of the trial court will be affirmed.
 BROGAN, J. and DONOVAN, J., concur. *Page 1