[Cite as *State ex rel. Tauwab v. Ambrose*, 2012-Ohio-817.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97472**

# IN RE:  S/O EX REL.,
# AMIR JAMAL TAUWAB

RELATOR

vs.

# JUDGE DICK AMBROSE

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Prohibition
Motion No. 449804
Order No. 452338

**RELEASE DATE:**  February 28, 2012

**FOR RELATOR**

Amir Jamal Tauwab
a.k.a. Bruce Andrew Brown
820 West Superior Avenue Ste. 840
Cleveland, OH   44113

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   Charles E. Hannan, Jr.
Assistant County Prosecutor
Justice Center, 8th Fl.
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶ 1} On October 27, 2011, the relator, Amir Jamal Tauwab, commenced this prohibition action against the respondent, Judge Dick Ambrose, to prevent the judge from ruling on a motion to have Tauwab declared a vexatious litigator in the underlying case, *Tauwab v. Huntington Bancshares, Inc.,* Cuyahoga County Common Pleas Court Case No. CV-10-732900. Tauwab argues that the judge lacks jurisdiction because the defendants in the underlying case filed a motion to have him declared a vexatious litigator instead of filing a civil action as required by R.C. 2323.52. On November 28, 2011, the respondent, through the Cuyahoga County Prosecutor, moved to dismiss. On the next day, Tauwab filed his brief in opposition. For the following reasons, this court grants the motion to dismiss.

{¶ 2} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64,

65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and *Reiss v. Columbus Municipal Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956). Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997), and *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶ 3} In July 2010, Tauwab commenced the underlying case to litigate claims of trespass and conversion against various defendants. The case was assigned to Judge Ambrose. On December 27, 2010, the defendants filed a motion for sanctions and attorney's fees and to have Tauwab deemed a vexatious litigator. On October 6, 2011,

Judge Ambrose scheduled a hearing on the vexatious litigator motion for October 28, 2011. Tauwab then commenced this prohibition action, and the judge cancelled the hearing.

{¶ 4} R.C. 2323.52(B) provides that a person who has defended against habitual and persistent vexatious conduct "may commence a civil action in the court of common pleas * * * to have that person declared a vexatious litigator." R.C. 2323.52(C) provides as follows: "A civil action to have a person declared a vexatious litigator shall proceed as any other civil action and the Ohio Rules of Civil Procedure apply to the action." Tauwab cites to Civ.R. 3(A) that a civil action is commenced by filing a complaint. He then argues that because the defendants brought their "vexatious litigator claim" in the form of a motion, and not in the form of a complaint, it is outside the statute, and the respondent judge is patently and unambiguously without jurisdiction to hear the matter. He then cites to several cases to support his proposition. In *State ex rel. Naples v. Vance*, 7th Dist. No. 02-CA-181, 2003-Ohio-4738, the court of appeals in a mandamus action ruled that it could not declare the relator a vexatious litigator through the means of an affirmative defense. In *Kinstle v. Union Cty. Sheriff's Office*, 3d Dist. No. 14-07-16, 2007-Ohio-6024, the court ruled on appeal that a motion to declare a person a vexatious litigator does not constitute a civil action, and thus, the trial court erred in declaring Kinstle a vexatious litigator upon a motion. Finally, in *Howard v. Indus. Comm. of Ohio*, 6th Dist. No. L-04-1037, 2004-Ohio-5672, the court of appeals ruled that it could not declare a person a vexatious litigator when counsel for appellee made an oral motion

during oral argument on appeal to declare Howard a vexatious litigator. Tauwab concludes that he would have no adequate remedy at law if declared a vexatious litigator, because the statute prohibits further litigation.

{¶ 5} Tauwab's argument is unpersuasive because none of the cases cited are controlling authority for the proposition that the court of common pleas patently and unambiguously lacks jurisdiction to rule on a "vexatious litigator claim" if the parties present the matter in a motion instead of a civil action. The court of common pleas is the court of general jurisdiction, and R.C. 2323.52 specifically vests it with power to declare a person a vexatious litigator. Thus, the respondent has general subject matter jurisdiction over the issue. Moreover, in *Naples* and *Howard*, the parties were asking the court of appeals to declare a person a vexatious litigator; thus, those cases are distinguishable. In *Kinstle,* the court of appeals stated that the trial court erred when it declared Kinstle a vexatious litigator. The use of term *erred* indicates that the judgment was voidable, as compared to void which would be the case if the court lacked jurisdiction. Similarly, in *Gevedon v. Gevedon*, 167 Ohio App.3d 450, 2006-Ohio-3195, 855 N.E.2d 548, (2nd Dist.), the court of appeals ruled that the trial court committed plain error when it declared a person a vexatious litigator when there was never a request for such relief. Those courts did not rule that the trial court lacked jurisdiction because the "claim" was presented in the form of a motion. Tauwab has not convinced this court that the form of bringing a "vexatious litigator claim" could present a jurisdictional defect.

{¶ 6} Tauwab's argument that he has no adequate remedy at law is also ill-founded. That statute does not prohibit all further litigation, but requires the vexatious litigator to obtain leave to proceed. Thus, appeal would still be available to Tauwab, if the respondent judge actually declared him a vexatious litigator. Indeed, the appellants in *Kinstl*e and *Gevedon* obtained relief from the declaration through appeal. Thus, the availability of an adequate remedy at law precludes the writ of prohibition.

{¶ 7} Tauwab also argues that the writ of prohibition should issue because the trial court lacks personal jurisdiction over him because the requisite civil action has not been filed. Both this court and the Supreme Court of Ohio have rejected this proposition. In *Grundstein v. Greene*, 8th Dist. No. 87623, 2006-Ohio-2205, this court considered the identical issue. The trial court had declared Grundstein a vexatious litigator pursuant to a motion, and Grundstein attacked this declaration in a prohibition action on the grounds that the motion did not vest the trial judge with personal jurisdiction. This court rejected the argument because Grundstein had submitted to the jurisdiction of the common pleas court by commencing that underlying case. So, too, in the present action, Tauwab submitted to the personal jurisdiction of the common pleas court by initiating the underlying action. In *State ex rel. Suburban Constr. Co. v. Skok*, 85 Ohio St.3d 645, 1999-Ohio-329, 710 N.E.2d 710, the petitioner sought a writ of prohibition on the grounds that the respondent judge unambiguously and patently lacked personal jurisdiction because service was never perfected. The Supreme Court of Ohio ruled that such a claim is not cognizable in prohibition. Only if there is a complete

failure to comply with the minimum contacts requirements would prohibition lie for lack of personal jurisdiction. Tauwab lists his address in the caption of the complaint as 820 West Superior, Suite 840, Cleveland, Ohio 44113, and substance of the claim concerns a lawsuit in Cuyahoga County. There are minimum contacts.

{¶ 8} In conclusion, the authorities cited by Tauwab fail to establish that a motion to declare a person a vexatious litigator in a pending case is so improper as to deprive the trial court of jurisdiction to consider the matter. His authorities do show that appeal can be an adequate remedy at law which precludes granting the writ. Accordingly, this court grants the motion to dismiss and dismisses the application for a writ of prohibition. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ dismissed.


MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J. AND
SEAN C. GALLAGHER, J., CONCUR