[Cite as *State v. White*, 2019-Ohio-1264.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-24 |
| | : | |
| v. | : | Trial Court Case Nos. 2016-CR-237 & |
| | : | 2016-CR-238 |
| WILLIAM A. WHITE | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of April, 2019.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Miami County Prosecutor's Office, Appellate Division, 201 West Main Street, Troy, Ohio 45373
     Attorney for Plaintiff-Appellee

WILLIAM A. WHITE, #A734-850, P.O. Box 209, Orient, Ohio 43146
     Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant William A. White appeals from an order of the Miami County Court of Common Pleas, Criminal Division, granting his motion to return property. White filed a timely notice of appeal on September 27, 2018.

{¶ 2} We set forth the history of the case in *State v. White*, 2018-Ohio-2573, 115 N.E.2d 878 (2d Dist.) (hereinafter "*White I*"), and repeat it herein in pertinent part:

On June 7, 2016, White was indicted for single counts of illegal manufacture of crack cocaine in violation of R.C. 2925.04(A) and possession of cocaine in violation of R.C. 2925.11(A). The indictment included forfeiture specifications for $1,487 in cash and a 2005 Chrysler Pacifica titled in White's name. The charges and specifications were filed after police officers from the City of Troy executed a search warrant at White's residence on April 8, 2016, during which time the officers found cocaine powder, crack cocaine, and cash. Various items of property, including White's Chrysler Pacifica, were seized as evidence during the search. Following the search, the police had White's vehicle towed to Jim's Towing and Recovery ("Jim's Towing") in Miami County where the vehicle was stored during the pendency of the criminal proceedings brought against White.

The State never instituted an action for the forfeiture of White's seized property. The State also dismissed all the charges against White without prejudice on December 20, 2016. Following the dismissal, on January 5, 2017, White, with the assistance of counsel, filed a "Motion for

Release of Property and Waiver of Storage and Tow Fees." In the motion, White explained that although the police had directed Jim's Towing to release White's vehicle to him, the tow yard refused to do so until the towing and storage fees were paid. White argued that since his criminal case was dismissed, he should not be responsible for the towing and storage fees, and he requested the trial court to order the release of his vehicle.

Approximately one month later, White and the State filed a "Joint Notice of Stipulation of Facts for Release of Property Motion." In the notice, the parties stipulated to the following:

(1) a search warrant was executed at White's residence on April 8, 2016;

(2) a number of items were seized by the police, including White's Chrysler Pacifica;

(3) White is the title owner of the Chrysler Pacifica;

(4) White purchased the Chrysler Pacifica for $5,075 plus $367.58 in taxes and fees;

(5) the police had the Chrysler Pacifica towed to Jim's Towing in Miami County;

(6) the police placed a hold on the Chrysler Pacifica, which prohibited White from recovering the vehicle;

(7) the indictment filed against White was dismissed on December 20, 2016;

(8) the hold on White's vehicle was released following the dismissal of his case;

(9) when White attempted to retrieve his vehicle from the tow yard he was

informed that he would have to pay Jim's Towing approximately $6,000;

(10) $6,000 exceeds the value of the Chrysler Pacifica;

(11) White filed a "Motion for Release of Property and Waiver of Storage and Tow Fees" on January 5, 2017; and

(12) the Kelly Blue Book fair market value/trade-in value of the Chrysler Pacifica is between $1,859 and $2,264.

White thereafter filed a supplemental brief supporting his "Motion for Release of Property and Waiver of Storage and Tow Fees." In the supplemental brief, White again requested the trial court to order the release of his vehicle from Jim's Towing and for him not to be held responsible for the towing and storage fees owed. The State did not file a response in opposition to White's motion.

After taking the matter under advisement, on February 15, 2017, the trial court issued a written decision denying White's motion. In denying the motion, the trial court found, based on the parties' stipulations, that White's vehicle was seized by the police as evidence in a criminal matter, which was dismissed, and was not seized or held under the court's authority. The trial court also found that the State had not sought forfeiture of the vehicle under R.C. Chapter 2981 and that the vehicle was not impounded pursuant to any chapter under R.C. Title 45. As a result, the trial court found it had no jurisdiction over the right of possession of the vehicle. Rather, the trial court explained that there were other civil remedies available for White to obtain possession of his vehicle against the claim of Jim's Towing.

Instead of appealing from the trial court's decision, on August 23, 2017, White filed a pro se "Motion for the Return of Property." In that motion, White sought relief under R.C. Chapter 2981 and requested the trial court to issue an order for the police to return the property seized from his residence on April 8, 2016. White attached an affidavit to the motion listing all the property that he wanted returned, which included his Chrysler Pacifica, two Samsung cell phones, two trays, an iPad, a First Alarm monitor, $1,504 in cash, a Brinks safe, and two lap top computers. White's motion did not address the towing and storage fees for his vehicle nor did it request the trial court to waive the imposition of those fees. White simply argued that the aforementioned property should be returned to him since his criminal case was dismissed.

On October 17, 2017, the trial court held a hearing on White's "Motion for the Return of Property." Following the hearing, on October 25, 2017, the trial court issued a written decision denying White's motion. In denying the motion, the trial court once again concluded that it did not have jurisdiction over the right of possession of the vehicle since no forfeiture action was ever filed by the State. With regards to the other items of property, the trial court held that although R.C. 2981.11(A)(1) requires lawfully seized property to be kept safely by police, the means of disposal provided in that statute (as described in R.C. 2981.12 and R.C. 2981.13) did not apply to White's property because the property was neither unclaimed nor forfeited property. The trial court found that it did not have jurisdiction to grant the

release of the property because the City of Troy (as the legal entity overseeing the Troy Police Department) was not a party to the action and that R.C. Chapter 2981 did not provide the trial court with post-conviction jurisdiction to order the release of property or to join other parties.

*White I* at ¶ 2-8.

{¶ 3} White appealed, and we affirmed in part and reversed in part the judgment of the trial court. *Id.* at ¶ 29. Specifically, we found that the trial court erred when it held that it did not have jurisdiction to order the police to return the property requested in White's affidavit (other than the vehicle). *Id.* at ¶ 28-29. We affirmed the trial court's judgment in all other respects. *Id.*

{¶ 4} Upon remand, the trial court held a hearing regarding White's seized property on September 7, 2018. The trial court subpoenaed Troy Police Chief Charles Phelps to testify at the hearing, and White appeared at the hearing by video. On September 12, 2018, the trial court granted White's motion to return property. In its order, the trial court ordered the return of a black I-Pad, a First Alarm monitor, $1,487.00 in cash, one Brinks safe (in its current condition), one red HP laptop computer, and one blue TPN-108 laptop computer. The State did not object to the return of the items to White at the hearing. The trial court ordered White to provide the name of a designated person who could take possession of the items from the Troy Police Department during normal business hours. The State noted that as of the date of the filing of its appellate brief, White had failed to provide the name of a designated person.

{¶ 5} In its order granting White's motion to return property, the trial court found that two cell phones at issue were no longer in the possession of the Troy Police

Department. Furthermore, the trial court stated that a microwave tray and a wooden tray taken from White were found to have marijuana and crack cocaine residue on them. White did not dispute that one of the cell phones in question did not belong to him, and he consented to the destruction of the wooden tray and microwave tray.

{¶ 6} Thereafter on September 14, 2018, White filed a request for a transcript of the hearing that had been held on September 7, 2018. As previously noted, White filed notice of appeal with this Court on September 27, 2018. On October 30, 2018, the official court reporter for the Miami Court of Common Pleas filed a notice of non-payment in which she stated that she had filed a request for a deposit for the cost of the transcript on October 3, 2018, pursuant to Loc.R. 15.01 of the Miami County Court of Common Pleas. The court reporter further stated that since no deposit had been received from White, the transcript of the hearing had not been prepared.

{¶ 7} White's appeal is now properly before this Court.

{¶ 8} Because they are interrelated, all of White's assignments of error will be discussed together as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO OBEY THE ORDER OF THE APPELLATE COURT.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO ORDER AN [sic] CONTEMPT ORDER AGAINST TROY CITY POLICE DEPARTMENT FOR FAILURE TO OBEY A SUBPOENA UNDER CRIM.R. 17(C).

THE COURT ABUSED ITS DISCRETION WHEN IT TRIED TO RE-LITIGATE ISSUES ALREADY DECIDED BY THE APPELLATE COURT.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE CITY OF TROY POLICE DEPARTMENT TO TAMPER WITH EVIDENCE IN CONTEMPT OF A COURT ORDER.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ISSUED A RULING THAT WAS CONTRARY TO LAW.

**{¶ 9}** In the instant appeal, all of White's assignments error relate to the trial court's order granting his motion to return property, issued on September 12, 2018. The trial court's order was based upon testimony given and evidence adduced at the hearing held on September 7, 2018. However, White failed to provide a transcript of the proceedings below pursuant to App. R. 9(B), a statement of the evidence under App. R. 9(C), or an agreed statement of the case under App. R. 9(D). It is the duty of the appellant to order from the court reporter a transcript of the proceedings or part thereof that the appellant considers necessary for inclusion in the record, and to file a copy of the order with the clerk. App.R. 9(B). Here, White failed to comply with that duty. These failures prevent us from effectively reviewing the evidentiary issues argued by White regarding the trial court's order granting his motion to return property. *See Gevedon v. Gevedon*, 167 Ohio App.3d 450, 2006-Ohio-3195, 855 N.E.2d 548, ¶ 21 (2d Dist.). Moreover, because the record before us is insufficient to allow us to examine White's asserted errors, we must presume the regularity of the proceedings in the trial court. *State v. Simons*, 2d Dist. Champaign No. 2013 CA 5, 2013-Ohio-3654, at ¶ 18.

**{¶ 10}** Simply put, without a transcript of the hearing held on September 7, 2018, we are unable to make any determination regarding White's arguments with respect to the alleged conduct of the Troy Police Department in the instant case, statements made

by the State, the failure of the Troy Police to obey a subpoena, or the police being held in contempt of a court order.   Significantly, there is nothing in the record to support a finding that the Troy Police Department should have been held in contempt as a result of any of its conduct in the instant case.   Accordingly, no basis exists for an appeal on the issue of contempt.

{¶ 11} Without a transcript of the hearing, we must presume the regularity of the proceedings.   Therefore, we conclude that the record does not support White's argument that the trial court's order granting his motion to return property was contrary to law.

{¶ 12} All of White's assignments of error are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

Paul M. Watkins
William A. White
Hon. Jeannine N. Pratt