OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Jaden Wood, filed September 27, 2006. On October 13, 2004, the Greene County Children's Services Board filed a Complaint in juvenile court, alleging that Wood's son, J.W., born May 1, 2004, was an abused child, as defined in R.C. 2151.031 and a dependent child, as defined in R.C. 2151.04. The Complaint alleges that J.W. was "diagnosed with a spiral fracture to his left femur. Jaden eventually admitted to causing the injury because he was upset with J.W. crying. He stated he flipped him over by his leg and heard a pop. During further testing J.W. was diagnosed with two healing rib fractures and a healing fracture of his right ulna. Jaden has been arrested for the femur fracture." Amanda Hopping is J.W.'s mother. She and Wood lived together but were not married. Wood was indicted for one count of felonious assault and two counts of endangering children. He was later found guilty of two counts of endangering children, in violation of R.C. 2919.229(B)(1).
 {¶ 2} On September 12, 2005 and December 19, 2005, the complaint alleging abuse and dependency was adjudicated after several continuances. On December 29, 2005, the Magistrate issued a Decision, finding by clear and convincing evidence that J.W. is an abused and dependent child. Wood filed objections to the magistrate's decision on January 4, 2006 and then an amended objection on August 28, 2006.
 {¶ 3} Wood's objections were as follows: (1) "The magistrate erred to the prejudice of father and abused her discretion in overruling his motion in limine and finding that the child in question was `abused' * * * through the admission of expert medical opinions which violate Evid. R. 702(C), for the reason that they were not based *Page 3 
upon a `reasonable degree of medical certainty or probability' standard"; (2) "The magistrate erred to the prejudice of Father and abused her discretion in finding that the child in question was `abused' * * * through the admission of a defective jury verdict form which fails to specify the level of the offense (as opposed to a certified copy of the judgment of conviction entry"; (3) "The magistrate erred to the prejudice of father and abused her discretion in overruling his motion in limine and finding that the child in question was `abused' * * * through the admission of expert medical opinions which were based upon facts not `in evidence' in violation of Evid. R. 703, and based on inadmissible content of xrays in violation of Evid. R. 1002, since no xrays were admitted."
 {¶ 4} On September 1, 2006, the juvenile court overruled Wood's objections, noting: "The Court's records reflect that this case has been pending since October 13, 2004. The goal of the case plan filed by Greene County CSB was reunification of the minor child with his mother, Amanda Hopping. During the pendency of this case, Amanda Hopping has been working on the requirements of the case plan. In the Magistrate's Decision of July 5, 2006, the Court found that Ms. Hopping had successfully completed the case plan, and that it was in the child's best interest to be returned to his mother. [J.W.] was then reunited with Amanda Hopping.
 {¶ 5} "Pursuant to Juvenile Rule 29 (F)(2)(d), the Complaint is hereby dismissed."
 {¶ 6} Wood asserts three assignments of error, reiterating his three objections below to the trial court.
 {¶ 7} No transcript of the proceedings has been filed. It is the duty of the *Page 4 
appellant to order, from the court reporter, a transcript of the proceedings or part thereof that appellant considers "necessary for inclusion in the record," and to file a copy of the order with the clerk. App. R. 9 (B). While the record contains Spencer's September 27, 2006, Praecipe to the Court Reporter/ Order for Transcript, a transcript of the proceedings was never filed and is not part of the record before us. Notice of the lack of transcript was given to Appellant; the Rule 11(B) Notification, filed November 8, 2006, provides, "Transcript of Proceedings filed: NONE FILED." Because the record before us is insufficient to portray the asserted errors, "`a presumption of regularity in the proceedings of the trial court' applies." State v.Collins, Montgomery App. No. 21193, 2006-Ohio-4155. (Internal citations omitted). Accordingly, we affirm the judgment of the trial court.
 FAIN, J. and GRADY, J., concur. *Page 1