[Cite as *State v. Simons*, 2013-Ohio-3654.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    2013 CA 5 |
| v. | : | T.C. NO.    09CR227 |
| CARL RAY SIMONS | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

## O P I N I O N

Rendered on the      23rd      day of      August     , 2013.

. . . . . . . . . .

WESLEY E. SOMOGY, Atty. Reg. No. 0089037, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
         Attorney for Plaintiff-Appellee

CARL RAY SIMONS, #625933, P. O. Box 740, London, Ohio 43140
         Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Carl Simons, pro se, appeals a decision of the Champaign County Court of Common Pleas denying his petition for post-conviction relief.

On December 31, 2012, the trial court issued a decision denying Simons' petition for post-conviction relief. Simons filed a timely notice of appeal with this Court on January 23, 2013.

{¶ 2} In January of 2010, Simons was convicted of two counts of breaking and entering, in violation of R.C. 2911.13(A)(C), both felonies of the fifth degree; two counts of theft of property valued between $500.00 and $5,000.00, in violation of R.C. 2913.02(A)(1)(B)(2), both felonies of the fifth degree; one count of burglary, in violation of R.C. 2911.12(A)(3)(C), a felony of the third degree; one count of grand theft, in violation of R.C. 2913.02(A)(1)(B)(4), a felony of the third degree; one count of theft, in violation of R.C. 2913.03(A)(1)(B)(2), a misdemeanor of the first degree; one count of having weapons under disability, in violation of R.C. 2923.13(A)(2)(B), a felony of the third degree; and one count of intimidation of a witness in a criminal case, in violation of R.C. 2921.04(B)(D), a felony of the third degree. The count of burglary contained a firearm specification.

{¶ 3} Simons was sentenced to an aggregate prison term of nineteen years in prison. Although we vacated his conviction and sentence for intimidation of a witness, we affirmed the judgment against Simons in all other respects. *State v. Simons*, 193 Ohio App.3d 784, 2011-Ohio-2071, 954 N.E.2d 176 (2d Dist.) (hereinafter "*Simons I*").

{¶ 4} On December 21, 2010, Simons filed a petition for post-conviction relief in which he asserted five claims, to wit: 1) ineffective assistance of counsel; 2) denial of compulsory process and right to confront witnesses; 3) *Brady* violation, *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); 4) prosecutor knowingly used perjured testimony to obtain Simons' convictions; and 5) there was a criminal conspiracy between the

trial judge and the prosecutor against Simons. On January 12, 2011, the State filed a motion for summary judgment regarding Simons' petition. Simons filed an amendment to his petition on July 25, 2011. On October 23, 2012, Simons filed a supplement to his petition for post-conviction relief based on the new interpretation of the allied offenses statute, R.C. 2941.25, found in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. In an entry filed on December 31, 2012, the trial court dismissed Simons' petition, finding that he had failed to make a colorable claim of ineffective assistance of counsel, and the amended petition and supporting materials failed to set forth sufficient operative facts to establish substantive grounds for relief.

{¶ 5} It is from this judgment that Simons now appeals.

{¶ 6} Because they are interrelated, Simons' first, fourth, and fifth assignments of error will be discussed together as follows:

{¶ 7} "THE COURT OF COMMON PLEAS ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN THE COURT SUMMARILY DISMISSED HIS PETITION FOR POST-CONVICTION RELIEF WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING IN VIOLATION OF THE DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS."

{¶ 8} "THE COMMON PLEAS COURT COMMITTED PLAIN ERROR IN GRANTING THE STATE OF OHIO A SUMMARY JUDGMENT IN THIS CASE."

{¶ 9} "THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING AFTER THE APPELLANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO NEWLY

DISCOVERED EVIDENCE."

{¶ 10}   Post-conviction relief is governed by R.C. 2953.21.   The statute provides, in pertinent part, that:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief. R.C. 2953.21(A)(1)(a).

{¶ 11}   "A post[-]conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen,* 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67.   See, also, *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶48.   To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ 12}   The post-conviction relief statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980).   Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a

defendant will receive a hearing. *Gondor* at ¶51. A trial court may dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E. 2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶51.

{¶ 13} We review the trial court's denial of Simons' petition for an abuse of discretion. *Gondor* at ¶52. As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 14} " '[I]n a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that

the defense was prejudiced by counsel's ineffectiveness.' " *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983), quoting *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).

{¶ 15} The Ohio Supreme Court has held that "in reviewing a petition for post-conviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." *State v. Calhoun*, 86 Ohio St.3d 279, 281, at 284, 1999-Ohio-102, 714 N.E.2d 905. "The trial court may, under appropriate circumstances in post-conviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant." *Id*.

{¶ 16} In evaluating the credibility of affidavits in post-conviction proceedings, a court should consider all relevant factors, including "(1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." *Id*. at 285. "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit

asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court." *Id*.

{¶ 17} In order to demonstrate ineffective assistance of trial counsel, a defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that the defendant was prejudiced by counsel's performance; that is, there is a reasonable probability that but for counsel's unprofessional errors, the result of the defendant's trial or proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *State v. Hill*, 2d Dist. Greene No. 2004 CA 79, 2005-Ohio 3176. "When the evidence a defendant relies upon [sic] dehors the record that evidence must meet a threshold of cogency." *Id*. "Cogent evidence is that which is more than 'marginally significant' and advances a claim 'beyond mere hypothesis and desire for further discovery.'" *Id*.

{¶ 18} Initially, we note that Simons failed to provide a transcript of the proceedings below, pursuant to App. R. 9(B); a statement of the evidence under App. R. 9(C); or an agreed statement of the case under App. R. 9(D). It is the duty of the appellant to order from the court reporter a transcript of the proceedings or part thereof that the appellant considers necessary for inclusion in the record, and to file a copy of the order with the clerk. App.R. 9(B). Here, Simons failed to comply with that duty. These failures

prevent us from effectively reviewing several of the evidentiary issues argued by Simons regarding the charged offenses. See *Gevedon v. Gevedon*, 167 Ohio App.3d 450, 2006-Ohio-3195, 855 N.E.2d 548, at ¶21. Moreover, because the record before us is insufficient to allow us to examine several of the asserted errors, we must presume the regularity of the proceedings in the trial court. See *In re J.W.*, 2d Dist. Greene No. 2006 CA 115, 2007-Ohio-2598, at ¶7.

{¶ 19} Simons claims that his counsel was ineffective for failing to call Karl Pullins Sr. to testify at trial, even though he was present during the trial. Simons asserts that he was not able until May of 2011 to locate and question Pullins Sr. regarding the testimony that he would have given had he been called by defense counsel. Specifically, Simons argues that Pullin Sr. would have testified that he told the police when they recovered some of the stolen firearms from him that he had bought them from Terry Current and that Simons was not present nor was his name mentioned at the transaction. Simons characterizes Pullins Sr.'s averments as "critical new information" which "demonstrates the failure and ineffectiveness of trial counsel." Upon review, however, the statements in Pullins Sr.'s affidavit do not exonerate Simons of any of the crimes for which he was convicted and sentenced. The affidavit, if believed, merely establishes that Simons was not present when Current sold some of the stolen firearms to Pullins Sr., not that he wasn't the perpetrator of the theft offenses and burglaries. We note that Simons argues that Current testified at trial that it was Simons who sold the stolen weapons to Pullins Sr. Simons, however, failed to file a copy of the trial transcript with his merit brief, and we are, therefore, unable to review Current's testimony. Thus, defense counsel's failure to call Pullins Sr. to testify at Simons'

trial was not ineffective assistance.

{¶ 20} Simons also argues that trial counsel was deficient for failing to call Karl Pullins Jr. and Kourtney Longsdorf to testify because they would have provided potentially exculpatory evidence that Simons was not involved in the theft of the firearms or the burglary of the Rock-N-Robin restaurant in Urbana, Ohio. Simons, however, failed to support his assertions regarding the potential testimony of Pullins Jr. and Longsdorf with an affidavit from either individual. Simons did attach a B.C.I. report to his petition for post-conviction relief which states that Longsdorf gave untruthful answers during her polygraph examination regarding the burglary at the restaurant. Simons, however, fails to demonstrate how Longsdorf's polygraph results exculpate him or what her testimony would have been had she been called to testify. Additionally, without an affidavit from Pullins Jr., Simons presents no evidence outside the record which would warrant an evidentiary hearing on the matter.

{¶ 21} Simons argues that trial counsel was ineffective for failing to call his wife, Judith Simons, to testify at trial. Simons argues that her testimony would have contradicted the testimony of Terry Current which implicated Simons in the theft of the firearms as noted in her affidavit attached to his petition for post-conviction relief. We note again that Simons failed to provide us with a transcript of the proceedings so we are unable to review Current's trial testimony. Moreover, after reviewing Judith Simons' affidavit, it is apparent that she would have testified that Simons could not have committed the offenses because he was with her at the time the burglaries occurred. A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of

fact and conclusions of law, in order that meaningful appellate review may occur. *State v. Johnson*, 2d Dist. Greene No. 09-CA-16, 10-CA-07, 2010-Ohio-2838, ¶ 47. In its decision dismissing Simons' petition, the trial court specifically noted that Judith Simons "is Defendant's spouse and has an interest in the success of Defendant's efforts" which directly relates to the credibility of her affidavit. Thus, the trial court provided a proper justification for discounting the credibility of Judith Simons' affidavit. Moreover, trial counsel's decision not to call Judith Simons to testify at trial may have been a tactical decision based on her perceived lack of credibility in the minds of the jurors because of her status as Simons' wife. Thus, we find that trial counsel was not ineffective for failing to call Judith Simons to testify at trial.

{¶ 22} Simons contends that trial counsel was also ineffective for failing to object to or question Tonia Justice regarding her trial testimony implicating him in the theft of the firearms. Without the transcript of the trial, however, we are unable to review Justice's testimony. Furthermore, Simons has not provided us with an affidavit from Justice suggesting that she provided false testimony at trial. Without an affidavit from Justice, Simons has failed to present any evidence outside the record which would warrant an evidentiary hearing on the matter.

{¶ 23} Simons asserts that trial counsel was deficient for failing to object to the prosecutor's reference to another burglary allegedly committed by him during the sentencing hearing. Again, without a full transcript of the proceedings below, we are unable to review the comments made by the prosecutor in this regard. Even if we were able to review the comments purportedly made by the prosecutor to the trial judge, it is generally accepted that

a sentencing court may consider uncharged crimes when imposing sentence. *State v. Liming*, 2d Dist. Greene No. 04 CA 43, 2004-Ohio-168, ¶ 36. We also find that trial counsel was not ineffective for failing to object to or file a Crim. R. 16(F) motion regarding the State's certification of non-disclosure of an audio recording. Simons' conclusory allegation that trial counsel was ineffective for failing to object to the recording does not warrant an evidentiary hearing.

{¶ 24} Simons also argues that trial counsel was ineffective for failing to intervene or ask for a continuance when he was unable to provide a urine sample to his parole officer upon his arrival at the B.C.I. for a polygraph examination. Simons asserts that had trial counsel asked for a short continuance so that he had additional time to provide a urine sample, he would have been able to take the polygraph examination and prove his innocence. On review, we conclude that it was not ineffective assistance for Simons' trial counsel to fail to secure alternate arrangements for another polygraph examination based on Simons' inability to urinate. It was not the fault of trial counsel that Simons could not provide a urine sample when one was requested of him.

{¶ 25} In light of the foregoing analysis, Simons has failed to raise a viable claim of ineffective assistance of counsel in his petition for post-conviction relief. Thus, we find that the trial court did not err when it held that trial counsel was not ineffective regarding the representation of Simons.

{¶ 26} In his second claim, Simons asserts that because his trial counsel failed to subpoena certain witnesses, he was denied his rights to due process, equal protection, compulsory process and to confront witnesses. Based on our prior analysis and our finding

that trial counsel was not ineffective for failing to call the witnesses named by Simons, we find that his second claim is without merit.

{¶ 27} In his third claim, Simons argues that he was denied a fair trial in violation of the Fourteenth Amendment of the U.S. Constitution when the State failed to disclose a pre-trial statement made by Pullins Sr. to police regarding whether Simons or Current sold him the stolen firearms. We note that other than Pullins Sr.'s averment that he told Urbana police that Current, and not Simons, sold him the firearms, Simons failed to establish that such a written statement ever existed or was in possession of the State. Moreover, given that Pullins Sr.'s statement did not exonerate Simons, the result of the trial would not have been any different.

{¶ 28} In his fourth claim for relief, Simons asserts that he was denied a fair trial when the prosecution knowingly used the perjured testimony of Terry Current to convict him of the charged offenses. In support of this claim, Simons attached the affidavits of Sam Little, Larry Long, and James Gibson to his petition for post-conviction relief.

{¶ 29} The trial court found that Little's affidavit did not indicate that Current lied or committed perjury. The trial court found that Long and Gibson's affidavits, while specifically averring that Current told them that he lied when he testified about Simons' involvement, lack credibility and were therefore, insufficient to support a petition for post-conviction relief. Upon review, we agree with the trial court and find that the affidavits of Little, Long, and Gibson were insufficient to establish that the State used perjured testimony to convict Simons. "In reviewing petitions for post-conviction relief, a trial court may, in the exercise of its sound discretion, weigh the credibility of affidavits

submitted in support of the petition in determining whether to accept the affidavit as true statements of fact." *State v. Goldwire*, 2d Dist. Montgomery No. 20838, 2005-Ohio-5784. The trial court noted that at the time that Long and Gibson allegedly spoke with Current, they were incarcerated at or being transferred from the Tri-County Jail in Mechanicsburg, Ohio. The trial court also noted that Long and Gibson are currently incarcerated at the Chillicothe Correctional Institution in Chillicothe, Ohio. We conclude that the trial court did not err when it found the affidavits of Long and Gibson to not be credible.

{¶ 30} Simons also argues that the affidavit of Pullins Sr. establishes that Current provided perjured testimony during trial. At most, Pullins Sr.'s affidavit demonstrates the existence of conflicting testimony regarding the seller of the guns. Without the transcript of the trial, we are unable to review Current's testimony. Moreover, the credibility of witnesses and the weight to be given their testimony were matters for the jury to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). Absent any cogent, credible evidence suggesting perjury by Current, this issue is not grounds for relief.

{¶ 31} In his fifth claim for relief, Simons argues that his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial judge and prosecutor conspired against him. Specifically, Simons contends that the trial judge and prosecutor conspired against him by entering into a plea agreement with Current in exchange for his testimony against the appellant. Simons also claims he was conspired against when the trial judge and prosecutor discussed another uncharged burglary at sentencing. Lastly, he claims that items seized from him and his wife during the investigation preceding the trial have not been returned to them. Other than his conclusory, unsupported allegations involving a

conspiracy between the trial judge and prosecutor, Simons provides no evidence that would warrant a hearing on his petition for post-conviction relief.

{¶ 32} Upon review, we conclude that Simons' petition and supporting materials fail to set forth sufficient operative facts to establish substantive grounds for post-conviction relief. Thus, the trial court did not err when it dismissed Simons' petition without an evidentiary hearing and granted the State's motion for summary judgment.[1] Simons' first, fourth and fifth assignments of error are overruled.

{¶ 33} Simons' second assignment of error is as follows:

{¶ 34} "IT WAS PREJUDICIAL ERROR IN VIOLATION OF THE DEFENDANT-APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW FOR THE TRIAL COURT NOT TO APPOINT COUNSEL IN FURTHER PROSECUTION OF THE POST-CONVICTION PETITION."

{¶ 35} In his second assignment, Simons argues that the trial court erred when it denied his motion for appointment of counsel to assist with his petition for post- conviction relief. This argument is not well taken. An indigent petitioner does not have a constitutional right to representation by an attorney in a post-conviction proceeding. *State v. Crowder*, 60 Ohio St.3d 151, 152, 573 N.E.2d 652 (1991). Pursuant to R.C. 120.16(D), the

---

[1] We note that although the trial court characterizes its decision issued on December 31, 2012, as a dismissal of Simons' petition for post-conviction relief, it is actually a grant of summary judgment to the State. While the trial court's decision does not contain the required Civ. R. 58(B) language regarding final appealable orders (it is captioned as a "Final Appealable Order"), the decision is immediately followed by a notice from the Champaign County Clerk of Courts notifying the parties pursuant to Civ. R. 58(B) that a final appealable order has been rendered. Thus, the dismissal of Simons' petition is final and appealable.

public defender may, within his discretion, represent or refuse to represent an indigent petitioner seeking post-conviction relief. *State v. Beane*, 2d Dist. Champaign No. 95CA4, 1995 WL 472153 (Aug. 9, 1995). However, the trial court is not required to notify the public defender of an indigent petitioner's post-conviction proceedings unless it first concludes that the petitioner is entitled to an evidentiary hearing. *Id*. Since the trial court properly concluded that Simons was not entitled to a hearing, it did not have an obligation to appoint counsel for him or to notify the public defender of his petition. *Id*.

{¶ 36} Simons' second assignment of error is overruled.

{¶ 37} Simons' third and final assignment of error is as follows:

{¶ 38} "IT WAS CLEAR ABUSE OF DISCRETION FOR THE TRIAL COURT TO CONCLUDE THAT THE DOCTRINE OF RES JUDICATA BARRED THE COURT FROM ADJUDICATING THE ALLIED OFFENSE CLAIMS."

{¶ 39} In his final assignment of error, Simons contends that it was an abuse of discretion for the trial court to find that his allied offense claims were barred by the doctrine of res judicata. Specifically, Simons argues that in light of the Ohio Supreme Court's recent decision in *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, addressing whether multiple offenses are allied offenses of similar import pursuant to R.C. 2941.25.

{¶ 40} "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. Moreover, "defendants with a voidable sentence are entitled to re-sentencing only upon

a successful challenge on direct appeal." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

{¶ 41} The arguments raised in Simons' petition establish, at most, that his sentence is voidable. *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730. As the defendant failed to do in *Parson*, Simons does not argue that his sentence is not in conformity with statutorily mandated terms, or is not provided for by law, nor even that his sentence fails to comply with the formal requirements of R.C. 2941.25. Even if we accept that the trial court erred at the time of sentencing when it failed to find that one or more of Simons' offenses were allied offenses of similar import, Simons' sentence is merely voidable and not void. *Id*.

{¶ 42} Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal. *Parson*, *supra*, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30. Res judicata precludes a defendant from raising an issue "in a motion for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997). Because Simons' sentence, assuming his allied offense argument had merit, would be voidable, he is barred by the doctrine of res judicata from challenging his sentence on those grounds collaterally through his petition for post-conviction relief. *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10-11 ("allied-offense claims are non-jurisdictional," and, thus, barred by the doctrine of res judicata where they were raised, or could have been raised, on direct appeal).

{¶ 43} Simons' third assignment of error is overruled.

{¶ 44}    All of Simons' assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and CELEBREZZE, J., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Wesley E. Somogy
Carl Ray Simons
Hon. Nick A. Selvaggio