[Cite as *State v. Reid*, 2014-Ohio-1282.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

ANTWAN J. REID

     Defendant-Appellant


Appellate Case No.    25790

Trial Court Case Nos.   2000-CR-2151
                       2001-CR-243/1


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 28th day of March, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

ANTWAN J. REID, Inmate No. 426-983, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036
       Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant, Antwan J. Reid, appeals pro se from the decision of the Montgomery County Court of Common Pleas overruling his motion to correct void sentence in which he argued that his aggravated murder and aggravated robbery convictions were allied offenses of similar import.   For the reasons outlined below, we affirm the judgment of the trial court.

### Facts and Course of Proceedings

{¶ 2}   In April 2002, Antwan J. Reid was convicted of aggravated murder in violation of R.C. 2903.01(B), aggravated robbery in violation of R.C. 2911.01(A)(1), and two firearm specifications.   Reid later appealed his conviction and raised seven assignments of error, one of which claimed that the trial court erred in failing to merge his firearm specifications.   Reid, however, did not argue that the trial court erred in failing to merge his aggravated murder and aggravated robbery offenses.   This court affirmed Reid's conviction, but remanded the matter to the trial court for purposes of merging the firearm specifications.   *State v. Reid*, 2d Dist. Montgomery No. 19352, 2003-Ohio-4087.

{¶ 3}   On May 2, 2013, Reid filed a motion to correct void sentence in which he argued that his aggravated murder and aggravated robbery offenses were allied offenses of similar import subject to merger pursuant to the Supreme Court of Ohio's ruling in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.   The trial court overruled Reid's motion on grounds that: (1) the doctrine of res judicata bars his allied offense claim; (2) the Supreme Court's ruling in *Johnson* may not be applied retroactively; and (3) aggravated murder and aggravated robbery are not allied offenses of similar import.

{¶ 4}   Reid now appeals from the trial court's decision overruling his motion to correct void sentence, raising one assignment of error.

**Assignment of Error**

{¶ 5}   Reid's sole assignment of error is as follows:

THE TRIAL COURT ERRED BY NOT IMPOSING THE MANDATORY MERGER HEARING FOR ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 6}   Under his sole assignment of error, Reid argues that the trial court erred in failing to merge his aggravated murder and aggravated robbery offenses as allied offenses of similar import.   He contends that he was precluded from raising this argument in his direct appeal due to the state of the law at that time, but claims that he is now entitled to have the offenses merged pursuant to the Supreme Court of Ohio's ruling in *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

{¶ 7}   "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action."   *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).   Moreover, "[a]rguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal."   *State v. Simons*, 2d Dist. Champaign No. 2013 CA 5, 2013-Ohio-3654, ¶ 42, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30.   (Other citation omitted.)   In other words, " 'defendants with a voidable sentence are entitled to re-sentencing only upon a successful challenge on direct

appeal.' " *Id*. at ¶ 40, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.

{¶ 8}   " '[A] voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.' "   *Id*., quoting *Simpkins* at ¶ 12.   A trial court's failure to merge allied offenses of similar import renders a defendant's sentence merely voidable.   *Id*. at ¶ 41; *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 9.

{¶ 9}   Based on the foregoing principles, even if the trial court had erred in failing to merge Reid's aggravated murder and aggravated burglary offenses, the error would merely render his sentence voidable.   As a result, in order to challenge his sentence on such grounds, Reid was required to raise the allied offense argument during his direct appeal, which he did not do. Therefore, Reid is now barred by res judicata from collaterally challenging his sentence through his motion to correct void sentence.   *See Id.* at ¶ 42; *see also Parson* at ¶ 10 (finding that if defendant's allied offense argument had merit, his sentence would be voidable and he would, therefore, be "barred by the doctrine of res judicata from challenging his sentence on those grounds collaterally through his 'Motion to Correct Void Judgment or Sentence' "). Accordingly, we conclude that the trial court correctly determined that Reid's allied offense argument is barred by the doctrine of res judicata.

{¶ 10}   In addition, the trial court correctly concluded that Reid's reliance on *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, was misplaced due to its prospective application.   *Johnson* was decided on December 29, 2010, and "a new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling

may not be applied retroactively to a conviction that has become final, i.e. where the accused has exhausted all of his appellate remedies. (Citations omitted.)" *Parson* at ¶ 11, quoting *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6. Here, Reid's convictions were affirmed by this court and became final in 2003, which is long before the Supreme Court of Ohio's ruling in *Johnson*. Accordingly, the standard for reviewing allied offenses of similar import set forth in *Johnson* does not apply to Reid's conviction.

{¶ 11} Furthermore, even if we were to consider the merits of Reid's allied offense argument in light of *Johnson*, his argument would still fail. In *Johnson*, the Supreme Court announced a new manner of applying R.C. 2941.25 to determine when offenses are allied offenses of similar import that must be merged. In so holding, the Supreme Court abandoned the previous test, set forth in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), which called for a comparison of the statutory elements solely in the abstract. *Johnson* held that, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id*. at ¶ 44. The Supreme Court further explained that:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
>
> If the multiple offenses can be committed by the same conduct, then the

court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 at ¶ 48-51.

{¶ 12} This court applied *Johnson* in *State v. Jackson*, 2d Dist. Montgomery No. 24460, 2012-Ohio-2335, a case in which the defendant argued, among other things, that the trial court erred in failing to merge his murder and aggravated robbery offenses. In applying *Johnson*, we concluded that "it is possible to commit murder and aggravated robbery with the same conduct." *Id*. at ¶ 140. Per *Johnson*, we then examined whether the defendant did in fact commit the two offenses with the same conduct and the same animus. We noted that:

Several courts have held that, where the force used to effectuate an aggravated robbery is far in excess of that required to complete the robbery, or where the circumstances suggest that a separate intent to kill existed, the offenses of aggravated robbery and murder do not merge. *See [State v. Diggle*, 3d Dist. Auglaize No. 2-11-19, 2012-Ohio-1583, ¶ 16] (evidence of prior conflict with victim and defendant's use of force in excess of that required to complete robbery found to demonstrate separate animus for murder); *State v. Ruby*, 6th Dist.

Sandusky No. S-10-028, 2011-Ohio-4864, ¶ 61 (beating of elderly, disabled victims demonstrated separate animus for aggravated robbery and attempted murder, because the beating far exceeded that necessary to effectuate the robbery); *State v. Tibbs*, 1st Dist. Hamilton No. C-100378, 2011-Ohio-6716, ¶ 48 (shooting victim in face and head from close range during course of aggravated robbery demonstrated a specific intent to kill). *Jackson* at ¶ 140.

{¶ 13} In light of these cases, we concluded in *Jackson* that the trial court could have reasonably determined that the defendant's use of force exceeded that necessary to complete the robbery or that the defendant had a separate intent to kill given that the victim was shot multiple times, with one shot being directly in the victim's head. *Id*. at ¶ 141. Similarly, in the case now before us, the following facts were established during Reid's direct appeal:

On the afternoon of December 15, 2000, at approximately 4:00 p.m., the victim, Wilton Williams, pulled into an alley near the intersection of East Fifth Street and Henry Street in Dayton in his burgundy Cadillac. Shortly thereafter, a green Dodge Stratus also pulled into the alley, and [Reid and his co-defendant] stepped from the Stratus and opened fire on Williams at close range as he sat in his vehicle. Williams managed to drive his car out of the alley onto Keowee, and the two assailants jumped back into the green Stratus and followed him. Williams collided with another vehicle on Keowee, at which point the two assailants again jumped out of their car and reached into Williams' car, grabbing some money. They then fled from the scene. Williams died a short time later from multiple gunshot wounds. *Reid*, 2d Dist. Montgomery No. 19352, 2003-Ohio-4087, ¶ 3.

**{¶ 14}** The foregoing facts demonstrate that the force Reid used to effectuate the robbery–shooting the victim multiple times at close range while the victim was sitting in a car–far exceeded the force necessary to complete a robbery. Additionally, the shooting and robbery were committed separately, as the robbery occurred after Reid shot and followed the victim in his car. Therefore, even when applying the allied offense analysis set forth in *Johnson*, merging Reid's aggravated murder and aggravated robbery offenses is inappropriate due to the excessive force used during the robbery and the shooting and robbery being committed separately.

**{¶ 15}** For the foregoing reasons, Reid's sole assignment of error is overruled.

**Conclusion**

**{¶ 16}** Having overruled Appellant Antwan J. Reid's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Mathias H. Heck
Andrew T. French
Antwan J. Reid

Hon. Michael W. Krumholtz