[Cite as *State v. Dowell*, 2020-Ohio-1306.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-10 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-320 |
| | : | |
| ANTHONY C. DOWELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 3rd day of April, 2020.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

ANTHONY C. DOWELL, #A733-547, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Anthony C. Dowell appeals a judgment of the Miami Court of Common Pleas overruling his petition to vacate or set aside judgment of conviction and his amended petition to vacate or set aside judgment of conviction. Dowell filed a timely notice of appeal with this Court on July 29, 2019.

{¶ 2} We set forth the history of the case in *State v. Dowell*, 2d Dist. Miami No. 2017-CA-5, 2018-Ohio-4044, Dowell's direct appeal from his conviction, and we repeat it herein in pertinent part:

Defendant-appellant Anthony Dowell appeals from his convictions on two counts of sexual battery. Dowell contends that the convictions were not supported by the weight of the evidence and that the State did not present evidence sufficient to sustain the convictions. He further contends that counsel was ineffective. Dowell also claims that his convictions violated his fundamental liberty interests and were, thus, unconstitutional. Finally, he claims that the trial court erred in sentencing.

We conclude that there was sufficient, credible evidence upon which a reasonable finder of fact could have relied in finding Dowell guilty of the charged offenses. We further find no merit to his claim that his constitutional rights were violated or that the trial court erred in sentencing. Finally, we cannot conclude that counsel's failure to object to evidence resulted in prejudice.

*Id.* at ¶ 1-2. We affirmed the trial court's judgment on direct appeal.

{¶ 3} On May 16, 2018, Dowell filed a petition to vacate or set aside his judgment of conviction, in which he asserted several claims regarding the alleged ineffective

assistance of his trial counsel; specifically, he alleged that his counsel failed to perform the following actions: 1) failed to interview the victim prior to trial; 2) failed to interview and prepare to cross-examine State's witness Amy Behm; 3) failed to interview or call Amber Behm as a defense witness; 4) failed to interview or call Destiny Powell as a defense witness; 5) failed to interview or call Samantha Dowell as a defense witness; 6) failed to conduct a proper pretrial investigation and failed to file a motion to dismiss the indictment; and 7) failed to conduct a thorough pretrial interview of Dowell and ignored his demand to testify on his own behalf.

{¶ 4} On June 7, 2019, Dowell filed an amended petition in which he set forth additional claims for post-conviction relief: 1) witness misconduct (regarding Amy Behm's testimony); 2) witness misconduct (Detective Thomas's allegedly false testimony); and 3) prosecutorial misconduct.  On July 8, 2019, the trial court issued an order denying Dowell's original petition and his amended petition to vacate or set aside his judgment of conviction without a hearing.

{¶ 5} It is from this judgment that Dowell now appeals.

{¶ 6} Because they are interrelated, Dowell's three assignments of error will be discussed together as follows:

THE TRIAL COURT ERRED IN MAKING FINDINGS OF FACT AND CONCLUSIONS OF LAW WHICH ARE IN CONFLICT WITH THE ACTUAL TRIAL RECORDS AND CONTRARY TO THE POST-CONVICTION RECORDS, WHEREBY, DENYING THE APPELLANT OF [sic] DUE PROCESS OF LAW.

THE TRIAL COURT ERRED IN ABUSING ITS DISCRETION IN

FAILING TO CONDUCT AN EVIDENTIARY HEARING ON THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF, WHERE THE APPELLANT REQUESTED FOR SUCH A HEARING WITH SUFFICIENT EVIDENTIARY DOCUMENTATION WHICH WOULD HAVE REQUIRED SUCH A HEARING BY LAW.

THE TRIAL COURT ERRED IN DECIDING THE MERITS OF THE APPELLANT'S CLAIMS WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING, WHEREBY DEPRIVING THE APPELLANT [OF] THE OPPORTUNITY TO DEVELOP AND INDUCE FURTHER EVIDENCE IN SUPPORT OF HIS CLAIMS.

{¶ 7} In his first assignment, Dowell contends that he received ineffective assistance because his trial counsel failed to do the following: 1) failed to interview the victim prior to trial; 2) failed to interview and prepare to cross-examine State's witness, Amy Behm; 3) failed to interview or call Amber Behm as a defense witness; 4) failed to interview or call Destiny Powell as a defense witness; 5) failed to interview or call Samantha Dowell as a defense witness; 6) failed to conduct a proper pretrial investigation and failed to file a motion to dismiss the indictment; and 7) failed to conduct a thorough pretrial interview of Dowell and ignored his demand to testify on his own behalf. In his second and third assignments, Dowell argues that the trial court abused its discretion when it denied his original petition and amended petition to vacate or set aside his judgment of conviction without first holding a hearing wherein he could have adduced additional evidence regarding the following: 1) witness misconduct (Amy Behm's testimony); 2) witness misconduct (Detective Thomas's false testimony); and 3)

prosecutorial misconduct.

{¶ 8} R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." The statute further provides that the "petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief." We review trial court decisions on petitions for post-conviction relief under an abuse of discretion standard. *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 26060, 2014-Ohio-4602, ¶ 8.

{¶ 9} R.C. 2953.21(C) provides:

The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

{¶ 10} "A post-conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *see also State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ 11} The post-conviction relief statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing. *Gondor* at ¶ 51. A trial court may dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶ 51.

{¶ 12} This court reviews alleged instances of ineffective assistance of trial counsel under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases provide that trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 689; *Bradley* at 142. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial

counsel's conduct fell below an objective standard of reasonableness and that his or her errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial court proceeding would have been different. *Bradley* at 142.

{¶ 13} With respect to Dowell's seven claims of ineffective assistance of trial counsel contained in his original petition to vacate or set aside his judgment of conviction, his arguments are barred by res judicata because he was required to raise those arguments during his direct appeal. *See State v. Reid*, 2d Dist. Montgomery No. 25790, 2014-Ohio-1282, ¶ 7-9. In *Reid*, we stated the following:

> "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).

*Id.* at ¶ 7.

{¶ 14} All seven of Dowell's ineffective assistance claims in regard to trial counsel's performance could and should have been raised in his direct appeal. Significantly, we note that Dowell did argue that he received ineffective assistance of trial counsel in his direct appeal, albeit for different reasons than the arguments advanced in his original petition to vacate or set aside his judgment of conviction. Additionally, Dowell has failed to produce any additional evidence from outside of the record in support of his claims that he was denied the effective assistance of counsel. All of the supporting materials submitted in his original petition contained information known to him at the time of trial

and his direct appeal. The materials submitted in support of his original petition contained no "newly discovered evidence" upon which to base Dowell's ineffective assistance claims. Therefore, we conclude that Dowell's claims are barred by res judicata.

{¶ 15} As previously stated, Dowell made the following arguments in his amended petition to vacate or set aside his judgment of conviction: 1) witness misconduct (Amy Behm's testimony); 2) witness misconduct (Detective Thomas's false testimony); and prosecutorial misconduct. Upon review, however, the supporting documents Dowell attached to his amended petition focus on discovery materials provided to him before the trial in the instant case. In fact, Dowell acknowledged in a reply brief filed with the trial court on June 7, 2019, that the documents attached to his amended petition were provided to his trial counsel during the course of discovery prior to trial. Therefore, the materials attached to his amended petition cannot be considered "newly discovered evidence."

{¶ 16} Additionally, all of the documents that Dowell attached in support of his original petition and his amended petition were in his possession and known to him at the time of his direct appeal and could have been utilized at that time. "Res judicata also implicitly bars a petitioner from 'repackaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *State v. Quinn*, 98 N.E.3d 1184, 2017-Ohio-8107, ¶ 35 (2d Dist.), quoting *State v. Monroe*, 10th Dist. Franklin No. 04AP-658, 2005-Ohio-5242, ¶ 9. Here, all of the issues raised by Dowell in his petition for post-conviction relief were known to him during discovery and clearly could have been raised on direct appeal, since the information was introduced at

trial. Accordingly, his arguments were barred by res judicata. Therefore, the trial court did not err when it overruled Dowell's original petition and his amended petition to vacate or set aside his judgment of conviction without a hearing.

{¶ 17} Dowell's first, second, and third assignments of error are overruled.

{¶ 18} All of Dowell's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Paul M. Watkins
Anthony C. Dowell
Hon. Jeannine N. Pratt